# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOLLIE KITCHELL )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AULDEY TOYS OF NORTH AMERICA, LLC, )<br>AND WALMART, INC. )<br>)<br>Defendants. ) | Civil Action No.: 3:20-cv-00140-MAB |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, DOLLIE KITCHELL, by and through her attorneys, LEVIN, RIBACK, ADELMAN AND FLANGEL, P.C. and complaining of the Defendants, AULDEY TOYS OF NORTH AMERICAN, LLC. and WALMART, INC. and states as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), which gives district courts jurisdiction over civil actions between citizens of different states. There exists complete diversity, and the amount in controversy exceeds $50,000.00.

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b), because the events that gave rise to this Complaint occurred in this district

### PARTIES

1. Plaintiff DOLLIE KITCHELL is a citizen of the United States and the State of Illinois who resides at 1730 12th Ave St, Lot 10 in Lawrenceville, Illinois, 62439.

2. Defendant AULDEY TOYS OF NORTH AMERICA, LLC., is a limited liability company in the State of California, with its principal place of business at 2100 E. Grand Ave., Suite 500, El Segundo, California, 90245.

3. Defendant WALMART, INC. is a corporation incorporated in the State of Arkansas with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas, 72716.

## GENERAL ALLEGATIONS

1. On or about February 7, 2018, the Plaintiff, DOLLIE KITCHELL, was a resident of the Lawrenceville, County of Lawrence, and the State of Illinois.

2. On and prior to February 7, 2018, Defendant, AULDEY TOYS OF NORTH AMERICA, LLC., was a national company doing business in the City of Lawrenceville, County of Lawrence, and the State of Illinois, and is now, and at all times mentioned in this complaint, was in the business of designing, manufacturing, constructing, assembling and selling various toys and novelty items, including, but not limited to, the Sky Rover Stalker toy helicopter. ("Sky Rover")

3. On and prior to February 7, 2018, Defendant, WALMART, INC., was a national company doing business in the City of Lawrenceville, County of Lawrence and the State of Illinois, and is now, and at all times mentioned in this complaint, was in the business of selling, advertising and marketing various retail products, including, but not limited to, the Sky Rover helicopter manufactured by Defendant, AULDEY TOYS OF NORTH AMERICA, LLC.

4. On or about February 7, 2018, Plaintiff was engaged in the practice of using the aforementioned Sky Rover in a manner consistent with the instructions and warnings

issued by Defendants, at which time it caused severe burns and further injuries to Plaintiff's body. The injuries sustained by Plaintiff are severe personal, permanent and pecuniary injuries.

## COUNT I
## AULDEY TOYS OF NORTH AMERICA, LLC.
## (STRICT LIABILITY)

1. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., designed, manufactured, constructed, assembled and sold a certain product commonly referred to as the Sky Rover Stalker toy helicopter.

2. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC. was in the business of manufacturing, distributing and selling certain home appliances, including Sky Rover.

3. On and prior to February 7 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC. placed Sky Rover into the stream of commerce.

4. At some time prior to February 7, 2018, the Plaintiff, DOLLIE KITCHELL, purchased Sky Rover from Defendant WALMART, INC., from its' store located in Lawrenceville, County of Lawrence, State of Illinois.

5. Defendant AULDEY TOYS OF NORTH AMERICA, LLC. has a duty to manufacture, distribute and sell Sky Rover in a safe condition for foreseeable users, including Plaintiff.

6. On and prior to February 7, 2018, and at the time the Sky Rover left the control of Defendant AULDEY TOYS OF NORTH AMERICA, LLC., it was in a condition that was unreasonably dangerous in that Defendant:

    a.  Manufactured, designed, constructed, assembled, distributed and sold Sky Rover, which burned and/or damaged skin of users with foreseeable use;

3

    b.    Manufactured, designed, constructed, assembled, distributed and sold Sky Rover in a dangerous condition, in that Sky Rover had a propensity to explode and/or damage the skin of users with foreseeable use.

    c.    Failed to adequately warn and instruct users that the Sky Rover it manufactured, designed, constructed, assembled, distributed and sold, burned and/or damaged the skin of users with foreseeable use, and could explode without notice.

7. As a direct and proximate result of one or more of the aforesaid dangerous conditions of this product, the Sky Rover sold to Plaintiff, exploded, burned and/or damaged the skin and tissue of Plaintiff with foreseeable use, thereby causing her to suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL, demands judgment against Defendant AULDEY TOYS OF NORTH AMERICA, LLC., in a sum in excess of the jurisdictional amount and costs of bringing this action.

## COUNT II
## AULDEY TOYS OF NORTH AMERICA, LLC.
## (NEGLIGENCE)

1. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., designed, manufactured, constructed, assembled and sold a certain product commonly referred to as Sky Rover Stalker toy helicopter.

2. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC. was in the business of manufacturing, distributing and selling certain toys and novelties, including Sky Rover.

3. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC. placed Sky Rover into the stream of commerce.

4. At some time prior to February 7, 2018, the Plaintiff, DOLLIE KITCHELL, purchased Sky Rover from Defendant WALMART, INC., from its' store in Lawrenceville, County of Lawrence, State of Illinois.

5. Defendant AULDEY TOYS OF NORTH AMERICA, LLC., has a duty to manufacture, distribute and sell Sky Rover in a safe condition for foreseeable users, including Plaintiff.

6. On and prior to February 7, 2018, Defendant, AULDEY TOYS OF NORTH AMERICA, LLC., was negligent in one or more of the following ways:

    a. Failed to manufacture, distribute and sell Sky Rover products which were safe for foreseeable use, when Defendant knew or in the exercise of ordinary care, should have known that such was necessary to prevent injury to foreseeable users, including Plaintiff;

    b. Failed to warn foreseeable users of the dangerous propensities of the product, when Defendant knew, or in the exercise of ordinary care, should have known that such warning was necessary to prevent injury to foreseeable users, including Plaintiff;

    c. Carelessly and negligently manufactured, distributed and sold a product which exploded, burned and/or damaged the skin or users with foreseeable use.

7. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, the Sky Rover sold to Plaintiff burned and/or damaged the tissue of her body, causing her to suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL, demands judgment against Defendant AULDEY TOYS OF NORTH AMERICA, LLC. in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT III
## AULDEY TOYS OF NORTH AMERICA, LLC.
## (EXPRESS WARRANTY)

1. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., manufactured, distributed and sold a certain toy commonly referred to as Sky Rover Stalker toy helicopter.

2. At some time prior to February 7, 2018, Plaintiff purchased Sky Rover, which was manufactured, distributed and sold by Defendant AULDEY TOYS OF NORTH AMERICA, LLC, from Defendant WALMART, INC., from its' store located in Lawrenceville, County of Lawrence, State of Illinois.

3. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., manufactured, distributed and sold Sky Rover that was defective, unreasonably dangerous and unfit or its intended use as a result of exploding, burning and/or damaging the skin of users with foreseeable use.

4. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., breached express warranties of fitness, in that in the products they manufactured, distributed and sold, namely Sky Rover, were defective as a result of exploding, burning and/or damaging the skin of users with foreseeable use, contrary to both the expectations of foreseeable users and representations of Defendant AULDEY TOYS OF NORTH AMERICA, LLC.

5. As a direct and proximate result of the defective product manufactured, distributed and sold by Defendant AULDEY TOYS OF NORTH AMERICA, LLC., the Plaintiff, DOLLIE KITCHELL, suffered burns and/or tissue damage to her body with foreseeable use, thereby causing her to suffer severe and permanent personal and pecuniary injuries.

Wherefore, the Plaintiff, DOLLIE KITCHELL, demands judgment against Defendant AULDEY TOYS OF NORTH AMERICA, LLC. in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT IV
## AULDEY TOYS OF NORTH AMERICA, LLC.
## (IMPLIED WARRANTY)

1. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC. manufactured, distributed and sold a certain toy commonly referred to as Sky Rover Stalker toy helicopter.

2. At some time prior to February 7, 2018, the Plaintiff purchased Sky Rover, which was manufactured, distributed and sold by Defendant AULDEY TOYS OF NORTH AMERICA, LLC., at Defendant WALMART, INC.'s store, located in City of Lawrenceville, County of Lawrence, State of Illinois.

3. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., manufactured, distributed and sold Sky Walker that was defective, unreasonably dangerous, and unfit for its intended use as a result of exploding, burning and/or damaging the skin and tissue of users with foreseeable use.

4. On and prior to February 7, 2018, Defendant AULDEY TOYS OF NORTH AMERICA, LLC., breached implied warranties of fitness, in that the products they manufactured, distributed and sold, namely Sky Rover, were defective as a result of exploding, burning the skin and/or tissue of users with foreseeable use, contrary to the expectations of foreseeable users and the representations of Defendant, AULDEY TOYS OF NORTH AMERICA, LLC.

5. As a direct and proximate result of the defective product manufactured, distributed and sold by Defendant AULDEY TOYS OF NORTH AMERICA, LLC., the Plaintiff, DOLLIE KITCHELL, suffered burns and/or damage to the tissue of her body with foreseeable use, thereby causing him to suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL, demands judgment against Defendant AULDEY TOYS OF NORTH AMERICA, LLC. in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT V
## WALMART, INC.
## (STRICT LIABILITY)

1. On and prior to February 7, 2018, Defendant, WALMART, INC., distributed and sold a certain product commonly referred to as Sky Rover Stalker toy helicopter.

2. On and prior to February 7, 2018, Defendant WALMART, INC. was in the business of distributing and selling certain toys at its stores, including Sky Rover.

3. On and prior to February 7, 2018, Defendant WALMART, INC., placed Sky Rover into the stream of commerce.

4. On and prior to February 7, 2018, Defendant WALMART, INC., owned, operated, managed and maintained the Walmart store located in the City of Lawrenceville, County of Lawrence, State of Illinois.

5. At some time prior to February 7, 2018, the Plaintiff, DOLLIE KITCHELL, purchased Sky Rover from the aforementioned Costco store, located in the City of Lawrenceville, County of Lawrenceville, State of Illinois.

6. Defendant WALMART, INC., had a duty to distribute and sell toys and other items, including Sky Rover a safe condition for foreseeable use by users, including Plaintiff.

7. On and prior to February 7, 2018 and at the time Sky Rover left control of Defendant WALMART, INC., it was in a condition that was unreasonably dangerous, in that Defendant:

   a. Distributed and sold Sky Rover which exploded, burned and/or damaged the skin and tissue of users with foreseeable use;

   b. Distributed and sold a product in a dangerous condition, in that Sky Rover had a propensity to explode, burn and/or damage skin and tissue of users with foreseeable use;

   c. Failed to provide proper instruction regarding the safe and proper use of Sky Rover.

   d. Failed to adequately warn and instruct users that the Sky Rover it distributed and sold, exploded, burned and/or damaged the skin and tissue of users with foreseeable use.

8. As a direct and proximate result of one or more of the aforesaid dangerous conditions of this product, the Sky Rover sold to Plaintiff, exploded, burned and/or damaged the tissue to her body, thereby causing her suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL, demands judgment against Defendant WALMART, INC., in a sum in excess of the jurisdictional amount and costs in bringing this action.

### COUNT VI
### WALMART, INC.
### (NEGLIGENCE)

1. On and prior to February 7, 2018, co-defendant AULDEY TOYS OF NORTH AMERICA, LLC. manufactured, distributed and sold a certain product commonly referred to as Sky Rover Stalker toy helicopter.

9

2. On and prior to February 7, 2018, Defendant, WALMART, INC. owned, operated, managed and maintained the Walmart store located in City of Lawrenceville, County of Cook, State of Illinois.

3. On and prior to February 7, 2018, Defendant WALMART, INC., distributed and sold toys and other novelty items, including Sky Rover out of its stores, including its store located in City of Lawrenceville, County of Lawrence, State of Illinois.

4. On and prior to February 7, 2018, Defendant WALMART, INC., was in the business of distributing and selling certain toys and other novelty items, including Sky Rover at its stores.

5. On and prior to February 7, 2018, Defendant WALMART, INC., , placed Sky Rover into the stream of commerce.

6. At a date prior to February 7, 2018, Plaintiff DOLLIE KITCHELL, purchased Sky Rover from the aforementioned Walmart store.

7. Defendant WALMART, INC., has a duty to distribute and sell Sky Rover in a safe condition for foreseeable users, including Plaintiff.

8. On and prior to February 7, 2018, Defendant WALMART, INC., was negligent in one or more of the following ways:

   a. Failed to distribute and sell products which were safe for foreseeable use when the defendant knew, or in the exercise of ordinary care, should have known that such was necessary to prevent injury to foreseeable users, including Plaintiff;

   b. Failed to warn foreseeable users of the dangerous propensities of the product, when defendant knew, or in the exercise of ordinary care, should have known that such warning was necessary to prevent injury to foreseeable users, including Plaintiff;

   c. Carelessly and negligently distributed and sold a product which exploded, burned and/or damaged the skin and tissue of users with foreseeable use.

9. As a direct and proximate result of one or more of the aforesaid careless an negligent acts and/or omissions of this Defendant, the Sky Rover sold to Plaintiff burned and/or damaged the tissue to Plaintiff's body with foreseeable use, thereby causing her to suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL, demands judgment against Defendant WALMART, INC., in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT VII
## WALMART, INC.
## (EXPRESS WARRANTY)

1. On and prior to February 7, 2018, Defendant WALMART, INC., distributed and sold a certain toy product commonly referred to as Sky Rover Stalker toy helicopter.

2. On and prior to February 7, 2018, Defendant WALMART, INC., owned, operated, managed and maintained the Costco store located in City of Lawrenceville, County of Cook, State of Illinois.

3. At a date prior to February 7, 2018 the Plaintiff purchased Sky Rover which was manufactured, distributed and sold by co-defendant at the aforementioned Walmart store.

4. On and prior to February 7, 2018, Defendant WALMART, INC.,, distributed and sold Sky Rover that was defective, unreasonably dangerous and unfit for its intended use, as a result of exploding, burning and/or damaging skin and tissue with foreseeable use.

5. On and prior to February 7, 2018, Defendant WALMART, INC., breached express warranties of fitness, in that the products they distributed and sold, namely Sky Rover, were defective as a result of exploding, burning and/or damaging skin and tissue of

11

users with foreseeable use, contrary to both the expectations of foreseeable users and representations of Defendant WALMART, INC.

6. As a direct and proximate result of the defective product distributed and sold by Defendant WALMART, INC., the Plaintiff, DOLLIE KITCHELL, suffered burns and/or damage to the tissue of her body with foreseeable use, thereby causing her to suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL, demands judgment against the Defendant WALMART, INC., in a sum in excess of the jurisdictional amount and costs in bringing this action.

## COUNT VIII
## WALMART, INC.
## (IMPLIED WARRANTY)

1. On and prior to February 7, 2018, Defendant WALMART, INC., distributed and sold a certain toy product commonly referred to as Sky Rover Stalker toy helicopter.

2. On and prior to February 7, 2018, Defendant WALMART, INC., owned, operated, managed and maintained the Walmart store located in City of Lawrenceville, County of Lawrence, State of Illinois.

3. At a date prior to February 7, 2018, the Plaintiff purchased Sky Rover which was manufactured, distributed and sold by co-defendant at the aforementioned Walmart store.

4. On and prior to February 7, 2018, Defendant WALMART, INC., distributed and sold Sky Rover that was defective, unreasonably dangerous, and unfit for its intended use, as a result of exploding, burning and or damaging the tissue and skin of users with foreseeable use.

5. On and prior to February 7, 2019, Defendant WALMART, INC., breached implied warranties of fitness in that the products they distributed and sold, namely Sky Rover, were defective as a result of exploding, burning and/or damaging skin and tissue of users with foreseeable use, contrary to both the expectations of the foreseeable users and representations of Defendant WALMART, INC.

6. As a direct and proximate result of the defective product distributed and sold by Defendant WALMART, INC., The Plaintiff, DOLLIE KITCHELL, suffered burns and/or tissue damage to her body with foreseeable use, thereby causing her to suffer severe and permanent personal and pecuniary injuries.

WHEREFORE, the Plaintiff, DOLLIE KITCHELL demands judgment against Defendant WALMART, INC., in a sum in excess of the jurisdictional amount and costs in bringing this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff JUDY STEPP demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

LEVIN, RIBACK, ADELMAN & FLANGEL

By: _____
Richard I. Levin

Richard I. Levin, Attorney for Plaintiff
Attorney Code: 6194414
**LEVIN, RIBACK, ADELMAN & FLANGEL, P.C.**
60 W. Randolph Street, Suite 333
Chicago, Illinois 60601
Phone: (312) 782-6717 / Fax: (312) 782-5128 / Email: rlevin@lraflaw.com