IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOLLIE KITCHELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:20-CV-00140-MAB |
| AULDEY TOYS OF NORTH AMERICA, LLC, and WALMART, INC., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Dollie Kitchell filed this case on February 5, 2020 based on diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 4). Shortly thereafter, the Court entered an order informing Plaintiff that the jurisdictional allegations regarding the citizenship of the parties were insufficient and directing Plaintiff to file an amended Complaint (Doc. 10). Plaintiff filed an amended Complaint (Doc. 11) in which she pled her own citizenship correctly; however, the jurisdictional allegations remain defective with respect to Defendant Auldey Toys of North America, LLC.

To properly allege citizenship of a limited liability company (LLC), Plaintiff must allege the citizenship of each of the LLC's members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice

of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Here, the amended Complaint alleges that "Defendant AULDEY TOYS OF NORTH AMERICAN, LLC., is a Limited Liability Company, whose sole managing member, which based on the California Secretary of State information sheet, resides at 2100 E. Grand Ave, Suite 500 in El Segundo, California, 90245." This description is insufficient for the Court to determine whether diversity jurisdiction exists. Plaintiff must identify each member's name of the Defendant Auldey Toys of North America, LLC and *specifically plead* the citizenship of each member. *See Thomas*, 487 F.3d at 534; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002).

The Court is not pointing out Plaintiff's errors "merely for the sake of hyper technical jurisdictional purity." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). It is because the Seventh Circuit has repeatedly warned district courts to ensure that subject matter jurisdiction is properly pleaded. *See, e.g., Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004) (lamenting that litigants and judges all too often "disregard their first duty in every suit: to determine the existence of subject matter jurisdiction"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."); *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should

do when a complaint is filed is check to see that federal jurisdiction is properly alleged.") As the party seeking to invoke federal jurisdiction, Plaintiff "bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Plaintiff's jurisdictional allegations, standing alone, must establish that diversity jurisdiction exists. The Court will not read between the lines or make assumptions regarding the citizenship of any party.

Consequently, Plaintiff is **ORDERED** to file a second amended Complaint, **on or before March 5, 2020**, which clearly sets forth all of the information needed to determine whether jurisdiction lies in this Court. Specifically, Plaintiff should include all of the relevant information (e.g., each member's name and citizenship of that member) for each LLC member until all layers have been exhausted. And, if one of the members of Defendant Auldey Toys, LLC is also an LLC, Plaintiff will have to identify those LLC members' names and citizenships as well. If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish subject matter jurisdiction, the Court may dismiss this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED:  February 13, 2020

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**